**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-09-114-M |
| | ) | |
| KEVIN MUMFORD, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

On February 27, 2012, defendant filed a Motion for Sentence Modification/Reduction

Pursuant to 18 U.S.C. § 3582(c)(2). In his motion, defendant moves this Court for a reduction in

his sentence based upon Amendment 750 to the United States Sentencing Guidelines.

Section 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range <u>that has subsequently been
> lowered</u> by the Sentencing Commission pursuant to 28 U.S.C. 994(o),
> upon motion of the defendant or the Director of the Bureau of
> Prisons, or on its own motion, the court may reduce the term of
> imprisonment, after considering the factors set forth in section
> 3553(a) to the extent that they are applicable, if such a reduction is
> consistent with applicable policy statements issued by the Sentencing
> Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).

Additionally, § 1B1.10 of the United States Sentencing Guidelines provides, in part, that "[a]

reduction in the defendant's term of imprisonment is not consistent with this policy statement and

therefore is not authorized under 18 U.S.C. § 3582(c)(2) if – . . . (B) an amendment listed in

subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

U.S.S.G. § 1B1.10(a)(2)(B). "To pursue a § 3582(c) motion, [a defendant] must show that

application of a retroactive guideline would reduce his sentencing range." *United States v. Evans*, No. 08-5131, 2009 WL 47023, at *1 (10th Cir. Jan. 8, 2009).

At defendant's sentencing, the Court found that the career offender enhancement applied in this case, and defendant's offense level, therefore, was determined under United States Sentencing Guidelines § 4B1.1(b).  Because defendant was sentenced using the career offender guideline, the Court finds that application of Amendment 750 would not lower his applicable guideline range. Accordingly, the Court finds defendant is not entitled to a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and DENIES defendant's Motion for Sentence Modification/Reduction Pursuant to 18 U.S.C. § 3582(c)(2) [docket no. 141].

**IT IS SO ORDERED this 28th day of March, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE